**NORTON v. W. L. McATEE & SONS.**
(No. 1666.)

Court of Civil Appeals of Texas. Beaumont.
July 3, 1928.

Rehearing Denied July 18, 1928.

Carothers & Brown, of Houston, for plaintiff in error.

H. L. Nicholson, of Houston, for defendants in error.

O'QUINN, J. For convenience we shall refer to defendants in error as plaintiffs and to plaintiff in error as defendant, that being their attitude in the court below.

Plaintiffs, W. L. McAtee & Sons, brought this suit in the district court of Harris county, Tex., against defendant, L. E. Norton, to recover on the following instrument:

"G. C. Curtis, General Contractor,
"807 Paschal St.,
"Houston, Texas, April 3, 1924.
"Mr. L. E. Norton, Scanlan Bldg., Houston, Texas.
"Dear Sir: On completion of Brick Apartment, corner Stanford and Peden, which you have agreed to finance for me and which is now under construction, please pay to the order of W. L. McAtee & Sons, $3,000.00 and charge against the loan.
"Yours truly,                   G. C. Curtis.
"O. K.—L. E. Norton."

Plaintiffs alleged that on the date shown in the instrument, Curtis, a contractor, and who was indebted to plaintiffs, executed and delivered to them the above set out order and assignment of funds, which they accepted; that by the notation of the letters "O. K." and the signing of his name on said order, defendant indicated that he accepted said order, and thereby became liable and bound to pay plaintiffs the amount thereof, upon the completion of the brick apartment mentioned in said order; that said brick apartment had been long since completed, and that since the completion thereof, plaintiffs demanded of defendant the payment of the sum mentioned in said order, to wit, $3,000, and that defendant had continuously refused to pay same; that plaintiffs are the legal owners and holders of said assignment and order; that at the time said G. C. Curtis presented to plaintiffs

said assignment and order, so accepted by defendant, plaintiffs in consideration therefor released and delivered to said Curtis one certain mechanic's lien note for the principal sum of $3,000, payable to said Curtis, which plaintiffs were holding as collateral security for indebtedness then owing to them by said Curtis and accepted in lieu thereof said assignment and order, which acceptance on their part was upon the faith and confidence plaintiffs had in defendant that he would carry out his promise to pay said $3,000, as evidenced by his acceptance of said order of said Curtis, otherwise they would not have accepted said order and would not have surrendered said mechanic's lien note, which they alleged was of the value of $3,000; that by reason of such acceptance of said order as aforesaid, causing plaintiffs to surrender said valuable security held by them to secure the payment by Curtis of his indebtedness to plaintiffs, defendant was estopped from claiming such acceptance was without consideration, or to set up any defense to same as against plaintiffs; that plaintiffs relied and depended upon the payment of said obligation on the part of defendant, and looked solely and wholly to him for the payment of same, for the reason that at about the time of the completion of said apartment house the said Curtis became a bankrupt and filed his petition for and was fully discharged as a bankrupt; that by the acceptance of said order defendant became and is primarily liable to pay to plaintiffs the said sum of $3,000, which he has failed and refused to do; and prayed judgment for said sum.

Defendant answered by general demurrer; general denial; that the order or instrument upon which the suit was founded was without consideration; that if originally there was a consideration for the execution of said instrument, then the consideration had failed, and specially that Curtis made a tentative arrangement with defendant to secure for said Curtis a loan upon certain property at the corner of Stanford and Peden streets in the city of Houston, Tex.; that the proposition submitted by him to defendant was that he (Curtis) would erect a building on said lots in accordance with certain plans and specifications, and that after the building was erected defendant would assist said Curtis in negotiating a loan on said property if the title thereto was good and the improvements thereon erected by Curtis so as to leave the property free from incumbrance, the understanding being that the improvements were to be completed by said Curtis and the loan perfected by him within a reasonable time; that defendant never accepted any draft on himself; that the notation on the order set forth in plaintiffs' petition was merely to show that same had been brought to the attention of defendant, and that if when the loan was completed the said Curtis should have money subject to the order in the hands of the defendant, defendant would then recognize the order; that Curtis never completed the building, which was to have been completed before the loan was made; that before Curtis discontinued work on said building there were liens outstanding against the property for materials and labor furnished to Curtis for the erection of said building, and the title to said property was not in such condition that a loan could have been made thereon, as was originally contemplated; that Curtis never made any loan through defendant, and no money came into the hands of defendant out of which the $3,000 could have been paid; that it was not the understanding of any of the parties' that defendant should pay any money to plaintiffs unless Curtis carried out his part of the arrangements, made a loan through defendant against said property, and left money in the hands of defendant, part of the proceeds of the loan, which would be subject to the order sued on by plaintiffs. The pleas of want and failure of consideration were sworn to.

By supplemental petition, plaintiffs replied to defendant's answer by general exception; that defendant was estopped to assert want of consideration or failure of consideration as to the written instrument on which plaintiffs based their suit; that defendant's special answer, wherein he pleaded the "tentative" understanding between him and Curtis was insufficient, for in that it was an attempt to vary, alter and modify the terms of a written instrument by parol evidence; and denied all the matters pleaded by defendant, and repleaded their acceptance from said Curtis of the written order and instrument sued on, their release and delivery to him of a mechanic's lien note held by them as collateral security of indebtedness owed by him to plaintiffs, in consideration of the order and assignment of the fund, the basis of their suit, of the value of $3,000; and further alleged and answered that defendant's action in placing the letters "O. K." and signing thereto his name on said order and instrument was a false representation of a material fact, and a concealment of a material fact, the truth being known to him and not to plaintiffs, which was calculated to mislead and which did mislead plaintiffs, made with the intent that plaintiffs should act thereon, and relying thereon plaintiffs did act, to their detriment and without any blame to themselves in the premises; that they had no knowledge of any agreement between Curtis and defendant such as pleaded by defendant, other than that evidenced by the instrument sued on; that defendant knew that the order indorsed "O. K." by him, and to which indorsement he signed his name, was intended to be used and would be used by Curtis to induce plaintiffs to take some action that otherwise they would not take, and to ex-

tend credit to said Curtis, which otherwise would not have been extended, and which would, if untrue, damage plaintiffs in the sum of $3,000; that if there was any agreement whatever between defendant and Curtis other than that evidenced by said order and instrument, which they denied, that defendant, by his concealment thereof, induced plaintiffs, who were totally ignorant of any such agreement, to act as they did act, to their damage $3,000; and that defendant was estopped to deny his agreement to finance the erection of said improvements, or to deny any of the matters alleged by plaintiffs.

Defendant, by supplemental answer, excepted to plaintiffs' supplemental petition as insufficient to show a cause of action against him, denied all the matters pleaded by plaintiffs, and specially that—

"The defendant says that it is not true that the plaintiffs were without knowledge as to the terms of the agreement or understanding between the defendant and the said Curtis, but the plaintiffs were charged with notice thereof on the face of the instrument set forth in their pleadings, and that in addition thereto they had actual notice thereof and of all the facts pleaded by the defendant. That the expression 'on completion of Brick Apartment,' as used in the writing of April 3, 1924, was understood by the parties to mean on completion thereof by the said G. C. Curtis in accordance with the plans and specifications submitted by the said Curtis to the defendant. That the expression 'which you have agreed to finance for me' was intended by all parties to refer to the tentative agreement or understanding between the defendant and the said Curtis, as stated in the defendant's pleadings. That the expression 'and charge against the loan' was intended by the parties to mean that the money mentioned in the writing was to be paid only out of the proceeds of the loan which was to be financed for the said Curtis by the defendant if he completed the said apartment, carried out his agreements in reference to the financing of the loan, and completed the loan so as to create a fund in the hands of defendant for the payment of the money mentioned in said request. That these matters were actually known to the plaintiffs. That, in the alternative, if the plaintiffs did not have actual notice thereof, they had constructive notice thereof and were put on notice as to the facts pleaded by the defendant, or were put on inquiry, which, if pursued as it should have been pursued, would have fully informed the plaintiffs of all facts pleaded by the defendant."

At the close of the evidence defendant moved for an instructed verdict in his favor, which was denied.

The case was submitted to a jury upon special issues, in answer to which they found:

(a) That the wording of the order in question was such as to lead an ordinarily prudent man to suppose that it would be payable absolutely, regardless of whether the building was completed by Curtis or some one else.

(b) That the wording of the order was such as to lead an ordinarily prudent man to suppose that it would be payable, whether Curtis completed the building free from liens or not.

(c) That plaintiffs relied upon the recitals in said order in surrendering the mechanic's lien note to Curtis.

(d) That the value of the mechanic's lien note turned over and delivered by plaintiffs to Curtis was $2,700.

At the request of defendant, special issue A was given, in answer to which the jury found that is was a part of the agreement between defendant and Curtis that the loan was not to be made unless Curtis completed the building so as to leave the property free from all incumbrances.

At the request of defendant, special issue B was given, in answer to which the jury found that the facts and circumstances surrounding the parties at the time the order was delivered to plaintiffs were not such as to put a reasonably prudent man on inquiry as to whether, under the agreement of the parties, it would be necessary for the building to be completed free from liens for labor and material in order for the loan to be completed.

At the request of defendant, special issue C was given, in answer to which the jury found that the building was not completed within such time as was reasonably necessary to complete same.

At the request of defendant, special issue D was given, in answer to which the jury found that the facts and circumstances were not such at the time plaintiffs received the order or instrument sued on, April 3, 1924, as to put a reasonably prudent man on inquiry as to whether the true meaning of the order was that the order was not to be paid unless Curtis himself completed the building.

On the findings of the jury, both parties filed motion for judgment. Defendant's motion was denied and the plaintiffs' granted, and judgment in favor of plaintiffs entered against defendant for the sum of $2,700, with interest at the rate of 6 per cent. from April 1, 1925, and for costs of suit.

Motion for a new trial was filed, presenting 30 assignments of error, which are the assignments here, and are made the basis for 40 propositions. The motion was overruled, and the case is before us on writ of error for review.

Defendant's first ten propositions, presented grouped, urge that the court erred in refusing to instruct a verdict for him and in rendering judgment for plaintiffs. These assignments are based upon the contentions: (a) That the instrument or order upon which the suit was based was payable only on the completion of the building by Curtis, and that as he never completed the building as per his original contract and undertaking, but abandoned it and went into bankruptcy, the order was never payable under its terms; (b) that it was a part of the agreement between Curtis and the defendant, Norton, that the loan was

not to be made unless Curtis completed the building so as to leave the property free from all incumbrances, and that as Curtis did not do this, but abandoned the work on the building and left liens outstanding against it for materials furnished and labor done, the title in such condition was not such as that a loan could have been completed thereon, as originally contemplated; (c) that the order was payable out of a particular fund, to wit, the loan that defendant, Norton, agreed to finance for Curtis, and that since Curtis never completed the loan, and therefore no funds for the payment of the order came into Norton's hands, it was error for the court to refuse to instruct a verdict for defendant; (d) that the order did not specify any time within which the building should be completed, and therefore the law would read into the contract the provision that the building must be completed within a reasonable time, so that the loan would be completed within a reasonable time, and that as the building was not completed within a reasonable time, because of the unreasonable delay, the loan was not completed and no funds came into existence for the payment of the order; (e) that as Curtis failed to carry out his agreement with defendant, Norton, that the building was to be completed so as to leave the property free from all incumbrances so that the loan could be completed, the consideration for the order failed, and the court should have instructed a verdict for defendant.

These assignments are overruled. The uncontroverted evidence establishes that the order or instrument in question was signed by Curtis; that defendant appended or indorsed on said instrument the words "O. K.—L. E. Norton"; that the apartment named in the order was completed prior to April 1, 1925, by said Curtis under independent contract with the Burton Lumber Company, who had purchased Curtis' title at foreclosure sale; that a note for $10,000 and a deed of trust on the ground upon which the apartment was erected, securing said $10,000 note, had been executed by Curtis and delivered to defendant, Norton, for the purpose of procuring the loan mentioned in the order prior to defendant's indorsing or appending the words "O. K.—L. E. Norton" upon said order; that the order in question was delivered by Curtis to plaintiffs, and upon its receipt by plaintiffs, plaintiffs surrendered and delivered to Curtis a mechanic's lien note, payable to Curtis in the sum of $3,000, which note plaintiffs were holding as collateral security for the payment of an indebtedness owed by Curtis to plaintiffs; that plaintiffs had no notice whatever of any agreement between defendant and Curtis relative to the transaction in question, other than that evidenced by the order upon which the suit is based; and that plaintiffs were damaged in the sum of $2,700, the cash value of the mechanic's lien note surrendered

to Curtis. The terms of the order are plain, and, we think, unambiguous. It stated that the "Brick Apartment" was then under construction, and that defendant, Norton, had agreed (not that he was at some future time going to agree) to finance the building of the apartment, and that on the completion of the apartment defendant would pay to plaintiffs the amount of the order, $3,000, and charge said amount against the loan that defendant had agreed to finance or furnish for the erection of said apartment. The only contingency or thing to mature the order was that the apartment should be completed. That said apartment was completed is not questioned. That the indorsement of "O. K.—L. E. Norton" on such order was an acceptance of the order and a promise by defendant to pay same when the apartment was completed cannot be questioned.

But defendant says that the order was payable only upon the completion of the building by Curtis, and insists that as Curtis went into bankruptcy during the construction of the building and was discharged as a bankrupt, and afterwards the property was sold under foreclosure proceedings by the Burton Lumber Company and was bought in by said company, they thus acquiring all the rights of Curtis in and to said property, and that Curtis, acting under an independent contract with said Burton Lumber Company, finished and completed said apartment for said lumber company, it was not finished by Curtis, but by the Burton Lumber Company, and therefore the order never became payable under its terms. This contention cannot be sustained. We have held that the order was clear and unambiguous, and that under the uncontroverted evidence it became payable absolutely upon the completion of the building. There was nothing in the order to indicate that the apartment was to be completed by Curtis only. However, the court, in special issue No. 1, submitted to the jury the question whether the wording of the order was such as to lead an ordinarily prudent man to suppose that it would be payable "absolutely regardless of whether the building was completed by Curtis or some one else," thus submitting the very contention of defendant to the jury, and they answered "It was," finding against his contention.

Defendant further contends that the order was not payable unless Curtis completed the building free from all incumbrances. There is nothing in the order to indicate such a requirement or contingency, nor did plaintiffs have any notice of any such understanding between defendant and Curtis. However, the court submitted in special issue No. 2 this very question to the jury, as follows:

"Was the wording of the order such as to lead an ordinarily prudent man to suppose that it would be payable whether Curtis completed the building free from liens or not?"

To which they answered, "It was."

It is contended by defendant that the order was payable out of a particular fund—the loan that defendant, Norton, had agreed to finance for Curtis—and that as Curtis never completed the loan, no funds ever came into defendant's hands with which the order could be paid. This contention is not maintainable. In the first place, the order plainly says that defendant had agreed to finance the building of the apartment. The meaning of the words "had agreed" is perfectly clear—defendant had already, at the time the order was given, made the agreement to finance the loan by reason of which the order was given, and there is nothing in the order to indicate that any contingency, other than that the building should be completed, should happen before the order became payable. Moreover, the order stated that the $3,000, the amount of the order, when paid, should be charged against the loan. How could it be charged against a thing that did not exist? The loan had already been provided. Defendant had executed and delivered a note for the sum of $10,000, the amount of the loan financed by defendant for Curtis for the erection of the building, and a deed of trust on the property to secure the payment of the note, and delivered the same to defendant, in keeping with his part in financing the erection of the building, and after that was done defendant accepted the order in question. The fund against which the order was to be charged had already come into existence when the order was given and accepted.

Defendant's eleventh proposition asserts that as the jury found that it was a part of the agreement between Curtis and defendant, Norton, that the loan was not to be made unless Curtis completed the building so as to leave the property free from all incumbrances, and that as he did not do so, it was error for the court to refuse to render judgment in his favor. What we have said above disposes of this proposition. While the court, at the request of defendant, did submit special issue A to the jury, and they found as contended by defendant, still the issue was immaterial, for in that there was nothing in the order to indicate any such agreement between defendant and Curtis, nor did plaintiffs have any notice of any such agreement, and so were not affected by the private understanding had between defendant and Curtis.

What we have said also disposes of defendant's twelfth proposition, that the jury found in answer to special issue C, requested by defendant, that the building was not completed within a reasonable time, and for that reason the loan could not have been completed, and therefore it was error for the court to refuse to enter judgment for defendant. No such condition was in the order, nor did the long time taken to complete the building afford a defense to defendant against the payment of the order—it was payable absolutely when the building was completed.

Propositions 13 to 18, presented grouped, are all overruled. No error is shown.

Propositions 19 to 22, presented grouped, are all overruled. No error is shown.

Propositions 23 to 26, presented grouped, are all overruled. No error is shown.

Propositions 27 and 28 complain (a) that the verdict of the jury in response to special issue B is not supported by, but is contrary to, the evidence; and (b) the court erred in not setting aside said finding. Special issue B was submitted at the resquest of defendant, and was:

"Were the facts and circumstances surrounding the parties at the time the order was delivered to W'. L. McAtee & Sons such as to put a reasonably prudent man on inquiry as to whether under the agreement of the parties it would be necessary for the building to be completed free and clear of all liens for labor and material in order for the loan to be completed?"

To this issue the jury answered, "No."

■ The verdict of the jury is amply supported by the evidence. Furthermore, we will here say that we do not think this or any of the matters above complained of should have been submitted to the jury. As we have said before, the order in its terms was clear and unambiguous. It constituted a contract in writing to pay plaintiffs the sum of $3,000 when the apartment was completed. That the apartment was completed is not questioned. The construction of the order was for the court, and it being unambiguous there was no question of fact to go to the jury. But if it could be said that ambiguity did exist and that the meaning of the instrument should be found by a jury interpreting it through its terms and circumstances surrounding its execution, then the jury found against defendant's contention in answer to his own special issue.

What we have said disposes of propositions 29, 30, 33, 34, 37, and 39.

■ Proposition 31, that there was no allegation by plaintiffs that the contract on which they sued was supported by any consideration, is overruled. The pleadings alleged that plaintiffs surrendered and delivered to Curtis, in exchange for the order sued on, a mechanic's lien note in the sum of $3,000, payable to Curtis, and which they were holding as security for an indebtedness owed them by Curtis, and that said note was worth that sum, and the evidence supporting the pleading shows consideration.

Other propositions are presented, but they show no error and are all overruled.

The judgment should be affirmed, and it is so ordered.

Affirmed.